**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL TO FEDERAL COURT**

# Exhibit A

HUNTER PYLE, SBN 191125
VINCENT CHEN, SBN 311883
HUNTER PYLE LAW
428 Thirteenth Street, Eleventh Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email: hunter@hunterpylelaw.com; vchen@hunterpylelaw.com

Attorneys for Plaintiffs and the Putative Class.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 11 2019

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| NORMA LOPEZ, CINDY MITCHELL, and VADA NEICE, on behalf of themselves and all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> FIRST STUDENT, INC., FIRST STUDENT MANAGEMENT, LLC, FIRST AMERICA, and DOES 1 through 10, inclusive; <br><br> Defendants. | Case No. CIV DS 1920396 <br><br> CLASS ACTION <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br> 1. FAILURE TO PAY SPLIT SHIFT WAGES (Labor Code §§ 1197, 1194, and 1194.2; Wage Order 9-2001); <br> 2. FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS (Labor Code § 226); and <br> 3. UNLAWFUL BUSINESS PRACTICES (Business & Professions Code §§ 17200, et seq.). <br><br> DEMAND FOR JURY TRIAL |

BY FAX

## I.     INTRODUCTION

1.     This is a class action under Code of Civil Procedure section 382, brought by plaintiffs NORMA LOPEZ, CINDY MITCHELL, and VADA NEICE ("Plaintiffs").

2.     Plaintiffs seek to represent a class comprised of current and former Attendants, also called Bus Aides and Bus Monitors (jointly referred to herein as "Attendants") employed by defendants FIRST STUDENT, INC., FIRST STUDENT MANAGEMENT, LLC, and FIRST AMERICA ("FIRST STUDENT") in the State of California ("Class Members").

3.     FIRST STUDENT is a private contractor providing bus transportation services for students in various school districts throughout California. FIRST STUDENT employs Attendants who perform various tasks that are centered around assisting the students.

4.     FIRST STUDENT requires Attendants to work split shifts. However, FIRST STUDENT fails to pay Attendants split shift wages as required by Wage Order 9-2001 and the California Labor Code. FIRST STUDENT also fails to include split shift wages on Plaintiffs' and Class Members' wage statements.

5.     Plaintiffs bring claims on behalf of Class Members for unpaid split shift wages, liquidated damages, interest, wage statement penalties, and attorneys' fees and costs, under Labor Code sections 226, 1194, 1194.2, and 1197, and Code of Civil Procedure section 1021.5. Plaintiffs, on behalf of themselves and the Class Members, also seek equitable and injunctive relief for these violations pursuant to Business and Professions Code sections 17200-17208 (also referred to herein as the "UCL").

## II.     JURISDICTION

6.     Venue is proper in this judicial district, pursuant to Code of Civil Procedure section 395(a). FIRST STUDENT maintains offices and transacts business in San Bernardino, California. The unlawful acts alleged herein have occurred in and have a direct effect on Plaintiffs and those similarly situated within the State of California and the County of San Bernardino. Additionally, FIRST STUDENT employs or has employed Plaintiffs and Class Members in San Bernardino County.

- 1 -

7.     This Court has jurisdiction over this class action pursuant to Article 6, section 10 of the California Constitution and California Code of Civil Procedure section 410.10.

8.     Plaintiffs are informed and believe, and thereon allege, that Plaintiffs' and Class Members' monetary claims total less than $75,000.00 per person.

### III.     PARTIES

#### A.     PLAINTIFFS

9.     Plaintiff NORMA LOPEZ is an Attendant who has been employed by FIRST STUDENT at its San Fernando, California facility during the period beginning four years prior to the filing of this Complaint to the present (the "Class Period").

10.     Plaintiff CINDY MITCHELL is an Attendant who has been employed by FIRST STUDENT at its Hesperia, California facility during the Class Period.

11.     Plaintiff VADA NEICE is an Attendant who has been employed by FIRST STUDENT at its Hesperia, California facility during the Class Period.

#### B.     DEFENDANTS

12.     Defendant FIRST STUDENT, INC. is a Delaware corporation with an office located in Hesperia, California. Defendant FIRST STUDENT, INC. conducts business in the State of California and the County of San Bernardino.

13.     Defendant FIRST STUDENT MANAGEMENT, LLC is a Delaware limited liability company with an office located in Hesperia, California. Defendant FIRST STUDENT MANAGEMENT, LLC conducts business in the State of California and the County of San Bernardino.

14.     Defendant FIRST AMERICA is a business entity, form unknown, with an office located in Hesperia, California. Defendant FIRST AMERICA conducts business in the State of California and the County of San Bernardino.

15.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the persons and entities sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue them by such fictitious names under Code of Civil Procedure section

- 2 -

474. Plaintiffs are informed and believe, and based thereon allege, that each of the parties designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

16.    Plaintiffs are informed and believe that each of the defendants is liable to Plaintiffs and the Class Members as an "employer," as that term is defined in section 2(G) of Wage Order No. 9-2001. As employers of Plaintiffs and the Class Members throughout the relevant time period hereto, defendants, and each of them, are either solely or jointly and severally liable for the economic damages, including statutory penalties, owed to Plaintiffs and Class Members under common law and by statute.

## IV.    STATEMENT OF FACTS

17.    FIRST STUDENT operates facilities throughout California.

18.    FIRST STUDENT's Attendants assist students by, among other things, ensuring that their seat belts are properly buckled, strapping down wheelchairs, and helping students transfer to other buses. Attendants also communicate with caregivers and parents regarding students' health and other issues.

19.    Plaintiffs are informed and believe and thereon allege that, throughout the relevant time period of this action, FIRST STUDENT employed at least one hundred (100) Attendants.

20.    At all times relevant hereto, the California Labor Code and Wage Order No. 9-2001 have applied to Plaintiffs and to all Class Members.

21.    Plaintiffs are informed and believe and thereon allege that, through common practices, policies and/or schemes, FIRST STUDENT failed to pay split shift wages to Plaintiffs and Class Members as required under California law.

22.    FIRST STUDENT controls all work details, including Attendants' schedules and work locations, the specific work duties to be performed, and the manner in which the work duties are performed. Based on the foregoing and other relevant factors, Plaintiffs and other Attendants are and were employees of FIRST STUDENT.

- 3 -

## V.   CLASS ACTION ALLEGATIONS

23.   Plaintiffs bring this lawsuit as a class action pursuant to Code of Civil Procedure section 382 on behalf of themselves and all similarly situated employees. The class that Plaintiffs seek to represent ("Class") is defined as:

> All individuals whom FIRST STUDENT employed as Bus Aides, Monitors, and/or Attendants in California at any time during the Class Period.

24.   The claims herein have been brought and may properly be maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest among Class Members with respect to the claims asserted herein and the Class is easily ascertainable:

a.   Ascertainability and Numerosity: The potential members of the Class as defined herein are so numerous that joinder would be impracticable. Plaintiffs are informed and believe and on such information and belief allege that FIRST STUDENT has employed at least one hundred (100) Class Members in California during the Class Period. The names and addresses of the Class Members are available from FIRST STUDENT. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

b.   Commonality: There are questions of law and fact common to Plaintiffs and Class Members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i.   Whether FIRST STUDENT has violated Labor Code sections 1194, 1194.2, and 1197 by failing to pay split shift wages to Attendants;

ii.   Whether FIRST STUDENT has violated Labor Code section 226 by failing to include split shift wages on Attendants' wage statements;

iii.   What relief is necessary to remedy FIRST STUDENT"s unfair and unlawful conduct as herein alleged; and

iv.   Other questions of law and fact.

- 4 -

1          c.     Typicality:  Plaintiffs' claims are typical of the claims of the Class.
2    Plaintiffs and all members of the Class have sustained injuries-in-fact due to their damages arising
3    out of and caused by FIRST STUDENT's common course of conduct in violation of law, as
4    alleged herein.

5          d.     Adequacy of Representation:  Plaintiffs are members of the Class that they
6    seek to represent, and will fairly and adequately represent and protect the interests of the Class
7    Members.  Counsel representing Plaintiffs are competent and experienced in litigating wage and
8    hour class actions.

9          e.     Superiority of Class Action:  A class action is superior to other available
10   means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class
11   Members is not practicable, and questions of law and fact common to the Class predominate over
12   any questions affecting only individual members of the Class.  Each Class Member has suffered
13   injury and is entitled to recover by reason of FIRST STUDENT's illegal policies and/or practices
14   as alleged herein.  Class action treatment will allow those similarly situated persons to litigate their
15   claims in the manner that is most efficient and economical for the parties and the judicial system.
16   Further, the prosecution of separate actions against FIRST STUDENT by individual Class
17   Members would create a risk of inconsistent or varying adjudications that would establish
18   incompatible standards of conduct for FIRST STUDENT.

19                          **VI.   DAMAGES**

20        25.    As a direct, foreseeable, and proximate result of FIRST STUDENT'S conduct,
21   Plaintiffs and similarly situated Attendants are owed, among other things, compensation plus
22   interest, liquidated damages, wage statement penalties under Labor Code section 226, waiting time
23   penalties under Labor Code section 203, and other statutory penalties, in an amount that exceeds
24   $25,000, the precise amount of which will be proven at trial.

25

26

27

28
                                 -5-

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY SPLIT SHIFT WAGES
#### (Labor Code §§ 1197, 1194, and 1194.2; Wage Order 9-2001)

26.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Attendants employed by FIRST STUDENT in California.

27.     During the Class Period, FIRST STUDENT has failed to pay split shift wages to its Attendants in California. In particular, Plaintiffs and the Class were required to work shifts that were split by non-paid, non-working periods of time established by FIRST STUDENT that were not bona fide rest or meal breaks.

28.     California Labor Code section 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wages for employees fixed by the commission is the minimum
> wage to be paid to employees, and the payment of a less wage than the
> minimum so fixed is unlawful.

29.     The applicable split shift minimum wages for Attendants is found in Wage Order 9-2001(4)(C), which states:

> When an employee works a split shift, one (1) hour's pay at the minimum
> wage shall be paid in addition to the minimum wage for that workday,
> except when the employee resides at the place of employment.

30.     The definition of a split shift is found in Wage Order 9-2001(2)(N), which states:

> "Split shift" means a work schedule, which is interrupted by non-paid non-
> working periods established by the employer, other than bona fide rest or
> meal period.

31.     Minimum wage provisions are enforceable by private civil action pursuant to California Labor Code section 1194(a) which states:

> Notwithstanding any agreement to work for lesser wage, any employee
> receiving less than the legal minimum wage or legal overtime
> compensation applicable to the employee is entitled to recover in a civil
> action the unpaid balance of the full amount of this minimum wage or

- 6 -

overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

32.   California Labor Code section 1194.2 states:

In any action under Section 1194... to recover wages because of the payment of wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

33.   As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum split shift wages, liquidated damages, interest, cost of suit, and attorney's fees pursuant to section 1194(a).

34.   WHEREFORE, Plaintiffs and the Class are entitled to recover unpaid split shift minimum wages, liquidated damages in an amount equal to the wages unlawfully unpaid, interest thereon, and reasonable attorney's fees and costs of suit pursuant to California Labor Code section 1194(a).

**SECOND CAUSE OF ACTION**
**WAGE STATEMENT PENALTIES**
**(Labor Code § 226)**

35.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Attendants employed by FIRST STUDENT in California.

36.   Labor Code section 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the wages earned by the employee.  Labor Code section 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00).

- 7 -

1    37.    FIRST STUDENT knowingly and intentionally failed to furnish Plaintiffs and the

2    other Class Members with timely, accurate, itemized statements showing the split shift wages

3    earned by each of them, as required by Labor Code section 226(a).

4    38.    Plaintiffs and other Class Members were damaged by this failure because, among

5    other things, they could not determine whether FIRST STUDENT had paid them all wages due.

6    39.    As a result, FIRST STUDENT is liable to Plaintiffs and the Class Members for the

7    amounts provided by Labor Code section 226(b).

8    40.    Plaintiffs, on behalf of themselves and the proposed Class, request wage statement

9    penalties pursuant to Labor Code section 226 and relief as described below.

10                          **THIRD CAUSE OF ACTION**

11   **UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**
     **(Business & Professions Code §§ 17200, *et seq.*)**

12   41.    The allegations of each of the preceding paragraphs are realleged and incorporated

13   herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and

14   the above-described Class of similarly situated Attendants employed by FIRST STUDENT in

15   California.

16   42.    FIRST STUDENT's failure to pay compensation that is legally required under Wage

17   Order No. 9 and the Labor Code, as alleged above, constitutes an unlawful and/or unfair activity

18   prohibited by Business and Professions Code section 17200.  Plaintiffs reserve the right to identify

19   additional unfair and unlawful practices by FIRST STUDENT as further investigation and

20   discovery warrants.

21   43.    Moreover, Business and Professions Code section 17203 provides that the Court may

22   restore to an aggrieved party any money or property acquired by means of unlawful and unfair

23   business practices.  Plaintiffs seek a court order requiring an audit and accounting of the payroll

24   records to determine the amount of restitution of all unpaid wages owed to them and Class

25   Members, according to proof, as well as a determination of the amount of funds to be paid to

26   current and former employees that can be identified and located pursuant to a court order and

27   supervision.

28

**LOPEZ v. FIRST STUDENT, INC.**
**COMPLAINT AND JURY DEMAND**

44.     Plaintiffs and all Class Members are "persons" within the meaning of Business and Professions Code section 17204 who have suffered injury in fact as a result of FIRST STUDENT's unfair competition, and who comply with the requirements of Code of Civil Procedure section 382, as set forth above, and therefore have standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

45.     As a result of its unlawful and/or unfair acts, FIRST STUDENT has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and Class Members. FIRST STUDENT should be enjoined from this activity and made to restore to Plaintiffs and proposed Class Members their wrongfully withheld wages, interest thereon, and related liquidated damages, pursuant to Business and Professions Code sections 17202 and 17203.

46.     Private enforcement of these rights is necessary, as no other agency has raised a claim to protect these workers.  There is a financial burden incurred in pursuing this action that would be unjust to place upon Plaintiffs, as the burden of enforcing workforce-wide rights is disproportionately greater than that of enforcing only individual claims.  Additionally, Plaintiffs and Attendants are low-income workers who cannot afford to spend part of their wages on enforcing others' wage rights.  Therefore, it would be against the interests of justice to force payment of attorneys' fees from Plaintiffs' recovery in this action.  Accordingly, attorneys' fees are appropriate and Plaintiffs seek them pursuant to Code of Civil Procedure section 1021.5.

47.     Plaintiffs, on behalf of themselves and the Class, request restitution of unpaid wages, wage premiums, injunctive relief and other relief as described below.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the above-described Class of similarly situated Attendants, request relief as follows:

a.     Certification of the above-described Class as a class action, pursuant to Code of Civil Procedure section 382;

b.     Certification of the above-described Class as a representative class under Business and Professions Code section 17200;

-9-

**LOPEZ v. FIRST STUDENT, INC.
COMPLAINT AND JURY DEMAND**

1      c.    Provision of Class Notice to all Attendants who worked for FIRST STUDENT

2            during the Class Period;

3      d.    A declaratory judgment that FIRST STUDENT has knowingly and intentionally

4            violated Business and Professions Code sections 17200-17208, by the conduct set

5            forth above.

6      e.    A declaratory judgment that FIRST STUDENT's violations as described above

7            were willful;

8      f.    An equitable accounting to identify, locate, and restore to all current and former

9            Attendants the wages that are due;

10     g.    An award to Plaintiffs and the Class Members of damages in the amount of unpaid

11           wages, and liquidated damages, including interest thereon, subject to proof at trial;

12     h.    An order requiring FIRST STUDENT to pay restitution of all amounts owed to

13           Plaintiffs and similarly situated Attendants for FIRST STUDENT's failure to pay

14           legally required wages, and interest thereon, in an amount according to proof,

15           pursuant to Business & Professions Code section 17203;

16     i.    An award to Plaintiffs and the Class Members of statutory penalties because of

17           FIRST STUDENT's failure to provide Plaintiffs and the Class Members with

18           itemized wage statements that comply with the requirements of Labor Code section

19           226;

20     j.    An award to Plaintiffs and the Class Members of reasonable attorneys' fees and

21           costs, pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections

22           218.5, 1194, and/or other applicable law; and

23     k.    An award to Plaintiffs and the Class Members of such other and further relief as this

24           Court deems just and proper.

25

26

27

28

Dated: July 11, 2019

HUNTER PYLE LAW

By: 
Hunter Pyle

Attorneys for Plaintiffs and the Putative Class

- 11 -

LOPEZ v. FIRST STUDENT, INC.
COMPLAINT AND JURY DEMAND

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of all other similarly situated Class Members, demand a jury trial of this matter on all claims so triable.

Dated: July 11, 2019                    HUNTER PYLE LAW

By: _____
    Hunter Pyle

Attorneys for Plaintiffs and the Putative Class