**HUNTER PYLE (SBN 191125)**
**KATHERINE FIESTER (SBN 301316)**
**HUNTER PYLE LAW**
428 Thirteenth Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Emails: hunter@hunterpylelaw.com
          kfiester@hunterpylelaw.com

Attorneys for Plaintiffs and the Settlement Class

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA LOPEZ, CINDY MITCHELL, VADA NEICE, and MARY DIAZ, on behalf of themselves and all others similarly situated;<br><br>        Plaintiffs,<br><br>    v.<br><br>FIRST STUDENT, INC., FIRST STUDENT MANAGEMENT, LLC, FIRSTGROUP AMERICA, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:   5:19-cv-01669-JGB-SHK<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     February 7, 2022<br>Time:    9:00 A.M.<br>Ctrm.:    1<br>Judge:   Honorable Jesus G. Bernal |

## NOTICE OF MOTION AND MOTION

TO THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on February 7, 2022, at 9:00 A.M. or as soon thereafter as the matter may be heard before the Honorable Jesus G. Bernal at the United States District Court for the Central District of California, Courtroom 1, Eastern Division located at 3470 12th Street, Riverside, California 92501, Norma Lopez, Cindy Mitchell, Vada Neice and Mary Diaz ("Plaintiffs") will and hereby do move this Court for an order granting Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion"). Defendants do not oppose this motion.

Specifically, Plaintiffs move the Court for an Order:

1.  Finally approving the Joint Stipulation of Class Action and PAGA Representative Action Settlement and Release  ("Settlement") in the above-captioned case;

2.  Finally certifying the Class, for the purposes of the Settlement;

3.  Finally approving the payment of reasonable costs of administration to Simpluris, Inc. from the Gross Settlement Amount;

4.  Entering a final judgment consistent with the terms of the Settlement; and

5.  Retaining jurisdiction over the Parties to enforce the terms of the judgment.

This motion is made pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The basis for this motion is that the proposed non-reversionary, non-claims-made Settlement is fair, adequate, and reasonable, and in the best interests of the Class Members as a whole, and that the procedures proposed by the Parties have ensured adequate notice to the Class Members of their right to participate in, opt-out of, or object to the Settlement.

-1-

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This motion will be based on the following documents, all filed herewith: the Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement; the Declaration of Hunter Pyle in Support of Motion for Final Approval of Class Action Settlement; the Declaration of Mary Butler Regarding Settlement Notice Administration; the Declaration of Joan Graff; such evidence or oral argument as may be presented at the hearing; and the complete record and file herein.

Dated: December 20, 2021            HUNTER PYLE LAW


                                    By: _/s/ Hunter Pyle_____
                                        Hunter Pyle
                                        Katherine Fiester

                                    Attorneys for Plaintiffs and the Settlement
                                    Class

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# **TABLE OF CONTENTS**

I.     Introduction ..................................................................................... 1

II.    Summary of The Litigation ............................................................. 3

     A.    The Initial Proceedings .......................................................... 3

     B.    Discovery and the Settlement Process .................................... 4

     C.    Preliminary Approval and Class Notice Process .................... 5

           1.    Preliminary Approval Order ......................................... 5

           2.    Class Notice Process .................................................... 5

III.   Summary of Settlement Terms ......................................................... 6

IV.   The Settlement Warrants Final Approval .......................................... 8

     A.    The Settlement Is Fair, Adequate, and Reasonable ................ 9

           1.    The Strength of Plaintiffs' Case .................................. 9

           2.    Risk, Expense, Complexity, and Duration of Further
               Litigation.................................................................... 10

           3.    Risk of Maintaining Class Action Status..................... 11

           4.    The Amount Offered in Settlement ............................. 11

           5.    Discovery Completed and the Status of Proceedings.................. 12

           6.    The Experience and Views of Counsel........................ 13

           7.    The LWDA has been Notified and has not Objected to the
               Proposed Settlement ................................................... 14

           8.    The Reaction of the Class Members to the Proposed
               Settlement .................................................................. 14

     B.    There Are No Signs of Collusion............................................ 14

V.    The Class Certification Entered by The Court in its Preliminary
     Approval Order Should Be Maintained ........................................... 15

VI.   The Court-Ordered Notice Comports With Due Process................................ 16

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1

VII.    Conclusion ...................................................................................................... 17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## TABLE OF AUTHORITIES

**CASES**

*Charron v. Pinnacle Grp. N.Y. LLC*
    874 F. Supp. 2d 179 (S.D.N.Y. 2012) ...............................................................17

*Chun–Hoon v. McKee Foods Corp.*
    716 F. Supp. 2d 848 (N.D. Cal. 2010) ..............................................................10

*Churchill Village, L.L.C. v. General Electric*
    361 F.3d 566 (9th Cir. 2004).............................................................................16

*Class Plaintiffs v. City of Seattle*
    955 F.2d 1268 (9th Cir. 1992) ............................................................................9

*Dennis v. Kellogg Co.*
    697 F.3d 858 (9th Cir. 2012) ............................................................................14

*Edwards v. City of Long Beach*
    2011 WL 13180208 (C.D. Cal. Oct. 31, 2011) .................................................12

*Eisen v. Carlisle & Jacqueline*
    417 U.S. 156 (1974) ..........................................................................................16

*Franklin v. Kaypro Corp.*
    884 F.2d 1222 (9th Cir. 1989) ............................................................................9

*Hanlon v. Chrysler Corp.*
    150 F.3d 1001 (9th Cir. 1998) ..........................................................................14

*In re Bluetooth Headset Prod. Litig.*
    654 F.3d 935 (9th Cir. 2011)............................................................................15

*In re Heritage Bond Litig.*
    546 F.3d 667 (9th Cir. 2008).............................................................................8

*In Re Omnivision Techs., Inc.*
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...........................................................13

*In re Pac. Enter. Sec. Litig.*
    47 F.3d 373 (9th Cir. 1995)..............................................................................13

*In re Portal Software Inc. Securities Litig.*
    2007 WL 4171201 (N.D. Cal. Nov. 26, 2007)..................................................11

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

*In re Syncor ERISA Litig.*
    516 F.3d 1095 (9th Cir. 2008) ........................................................................... 8

*Marshall v. Holiday Magic, Inc.*
    550 F.2d 1173 (9th Cir. 1977) ......................................................................... 14

*Nat'l Rural Telecom. Coop. v. DIRECTTV, Inc.*
    221 F.R.D. 523 (C.D. Cal. 2004) ......................................................... 10, 12, 14

*Nelson v. Avon Prod., Inc.*
    2017 WL 733145 (N.D. Cal. Feb. 24, 2017) .................................................. 10

*Ortega v. J.B. Hunt Transp., Inc.*
    2018 WL 6118572 (C.D. Cal. Aug. 7, 2018) .................................................. 11

*Rodriguez v. W. Publ'g Corp.*
    563 F.3d 948 (9th Cir. 2009) .................................................................. 9, 10, 14

*Roes, 1-2 v. SFBSC Management, LLC*
    944 F.3d 1035 (9th Cir. 2019) .................................................................. 14, 15

*Schiller v. David's Bridal, Inc.*
    2012 WL 2117001 (E.D. Cal. 2012) .............................................................. 16

*Wren* v. *RGIS Inventory Specialists*
    2011 WL 1230826 (N.D. Cal. April 1, 2011) ................................................... 9

**STATUTES**
California Business & Professional Code
Section § 17200 ......................................................................................................... 3

**RULES**
Federal Rule of Civil Procedure
Rule 23 .............................................................................................................. passim

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Norma Lopez, Cindy Mitchell, Vada Neice and Mary Diaz ("Plaintiffs") submit the following memorandum of points and authorities in support of their Motion for Final Approval of the Class Action Settlement in the above-captioned matter.

## I. INTRODUCTION

By this motion, Plaintiffs seek final approval of a classwide settlement ("Settlement") reached between them and First Student, Inc., First Student Management, LLC and Firstgroup America, Inc. ( "Defendants") (Plaintiffs and Defendants are referred to collectively as the "Parties"). The Settlement resolves a class action lawsuit pending before this Court (the "Litigation") in which Plaintiffs have alleged various wage and hour violations.

The Court granted preliminary approval of the proposed $1,475,000 non-reversionary class action Settlement on October 15, 2021. *See* Dkt. No. 46. If approved, the Settlement will distribute funds to the following Settlement Class, consisting of 918 Class Members:

> All individuals employed by First Student, Inc. or First Student Management, LLC in the position of Attendant, Bus Aid or Bus Monitor in the state of California as hourly non-exempt employees at any time during the Class Period.

*See* Dkt. No. 46 at p. 12, ¶ 2; Declaration of Mary Butler Regarding Settlement Notice Administration ("Butler Decl."), ¶ 6.

As explained herein, the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. Under the Settlement Defendants will pay a non-reversionary gross settlement amount of $1,475,000. *See* Dkt. No. 42-1, Exhibit 1, Joint Stipulation of Class and PAGA Representative Action Settlement and Release ("Settlement") at p. 4, ¶ 1(l); Declaration of Hunter Pyle in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Pyle Decl."), ¶

26[1]. After court-approved deducting administration costs, attorneys' fees, verified

costs, the Class Representative service awards, and payment to the Labor &

Workforce Development Agency ("LWDA"), the Net Settlement Amount will be

distributed to all Class Members who have not opted out. ("Class Members"). *See*

Settlement at pp. 5, 11, ¶¶ 1(o), 9; Pyle Decl., ¶¶ 29-30.

      Class Members do not need to file a claim to reap the Settlement's financial

benefits because all Class Members will automatically receive a payment unless they

affirmatively opt-out. *See* Pyle Decl., ¶ 30; Settlement at p. 11, ¶ 9. Further, rather

than facing the inherent risks of continued litigation and trial, Class Members will be

paid as soon as the Settlement becomes final. *See* Settlement at pp. 21-22, ¶ 31, 33.

      Moreover, the Class Notice comports with due process. This Court approved

the Class Notice on October 15, 2021.  *See* Dkt. No. 46 at p. 12, ¶ 6. On November

22, 2021, Simpluris mailed the Class Notice via First Class mail to 918 Class

Members. *See* Butler Decl., ¶¶ 5, 9, Exhibit A, Class Notice. As of December 16,

2021, only 8 Class Notices remain undeliverable, which represents approximately

.97% of the Class Members. *See id*. ¶¶ 9-10.

      The Class Notice explains the claims in the Litigation, the key terms of the

Settlement, the rights and releases of claims under the Settlement, the right to object

to the Settlement, the right to opt-out of the Settlement, the right to appear at the

final approval hearing, the recovery formula and expected recovery, and the contact

information for Class Counsel. *See* Butler Decl., ¶¶ 4-5, Exhibit A, Class Notice. It

also sets forth the 45-day deadline to object or opt out approved by the Court. *See

id*.; Dkt. No. 46 at p. 12, ¶ 6. That deadline is January 6, 2022. *See* Butler Decl., ¶¶ 5,

11, Exhibit A, Class Notice.

---

[1] Unless otherwise defined herein, all capitalized terms herein have the same
meanings as those in the Settlement.

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

As of December 16, 2021, Simpluris has received zero (0) requests for exclusion from the Settlement, zero (0) objections to the Settlement and zero (0) requests for adjustment of workweeks. *See* Butler Decl., ¶¶ 12-14.

Simpluris has established a toll-free telephone number for the purpose of allowing Class Members to call Simpluris and make inquiries regarding the Settlement. *See* Butler Decl., ¶ 4. Simpluris has also established a website to post the settlement agreement, approval papers, and attorneys' fee motion. *See id.*

For these reasons, as set forth more fully below, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Final Approval of the Settlement.

## II.    SUMMARY OF THE LITIGATION

### A. The Initial Proceedings

Plaintiffs Norma Lopez, Cindy Mitchell and Vada Neice commenced this proposed class action against Defendants in San Bernardino County Superior Court on July 11, 2019. Plaintiffs alleged causes of action for: (1) failure to pay split shift wages; (2) failure to provide complete and accurate wage statements; and (3) unfair competition claims pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. *See* Pyle Decl. ¶ 17.

Plaintiffs subsequently gave notice to the California Labor and Workforce Development Agency ("LWDA") in order to administratively exhaust claims for civil penalties under California's Private Attorneys General Act ("PAGA") on July 15, 2019. Plaintiffs submitted an amended PAGA notice on December 6, 2019. *See* Pyle Decl. ¶¶ 18-19.

On August 30, 2019, Defendants removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* Pyle Decl. ¶ 18.

On January 21, 2020, Plaintiffs filed the operative First Amended Complaint ("FAC") adding Mary Diaz as a named plaintiff and causes of action for waiting time penalties and PAGA civil penalties on behalf of the State of California and all

1   aggrieved employees. *See* Pyle Decl. ¶ 19. Defendants then filed an answer denying

2   liability and raising various affirmative defenses. *See* Dkt. 23 [Defendants' Answer].

3      **B. Discovery and the Settlement Process**

4          The Parties engaged in substantial formal and informal discovery, which

5   allowed Plaintiff to evaluate the claims in the case. *See* Pyle Decl., ¶ 20. Among

6   other things, Defendants provided Plaintiffs with timesheets and wage statements for

7   94 percent of the estimated Class Members. *See id*. Plaintiffs retained a damages

8   expert to conduct a thorough and detailed damages analysis for the Class. *See id*.

9   Defendants produced Class Members' dates of employment during the time period of

10  July 11, 2015 through the date of mediation. *See id*. The timesheets showed the

11  specific hours worked each day. *See id*. The wage statements showed Class

12  Members' gross and net wages earned, along with the number of hours worked at

13  each hourly rate. *See id*.

14         Plaintiffs' expert witness identified significant issues with Defendants' data.

15  *See* Pyle Decl., ¶ 21. These issues ultimately required Defendants to produce a

16  second set of data, which Plaintiffs' expert then analyzed. *See id*. Because

17  Defendants did not provide data for some Class Members, Plaintiffs' expert witness

18  created a damages model that extrapolated damages for those Class Members. *See id*.

19         Following discovery, the Parties engaged in mediation with the Hon. Steven

20  Denton (Ret.) on May 12, 2021. *See* Pyle Decl., ¶ 22. After thorough arm's-length

21  negotiations with Judge Denton's assistance, the Parties were able to agree to a

22  complete resolution of the Action. *See id.*, ¶ 22.  The Parties then negotiated and

23  executed a memorandum of understanding ("MOU") and, subsequently, the

24  Settlement. *See id*.

25         The Settlement is intended to result in the creation of a Class comprised of

26  "[a]ll individuals employed by First Student, Inc. or First Student Management, LLC

27  in the position of Attendant, Bus Aid or Bus Monitor in the state of California as

28

-4-

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  hourly non-exempt employees at any time during the Class Period." *See* Settlement

2  at p. 3, ¶ 1(d). There are 918 Class Members. *See* Butler Decl., ¶ 6.

3  **C. Preliminary Approval and Class Notice Process**

4  **1. Preliminary Approval Order**

5  On October 15, 2021, this Court issued an Order Granting Plaintiff's Motion

6  for Preliminary Approval of Class Action Settlement ("Preliminary Approval

7  Order"). *See* Dkt. No. 46. The Preliminary Approval Order conditionally certified the

8  proposed Class for settlement purposes and preliminarily approved the Settlement as

9  fair, reasonable and adequate. *See id.* at p. 12.

10  The Preliminary Approval Order further ordered notice to be mailed to the

11  Class, and set a date for the Final Fairness hearing. *See* Dkt. No. 46 at p. 12. The

12  Court further appointed Simpluris, Inc. ("Simpluris") as the Settlement

13  Administrator. *See id.*

14  **2. Class Notice Process**

15  Defendants provided Simpluris with a mailing list containing the name, last

16  known address, Social Security Number, and pertinent employment information for

17  the Class Members during the Class Period. *See* Butler Decl., ¶ 6.

18  Simpluris processed and updated the mailing addresses contained in the Class

19  List utilizing the National Change of Address Database ("NCOA") maintained by the

20  U.S. Postal Service. *See* Butler Decl., ¶ 8. The NCOA contains changes of address

21  filed with the U.S. Postal Service. In the event that any individual had filed a U.S.

22  Postal Service change of address request, the address listed with the NCOA was

23  utilized in connection with the mailing of the Notices. Simpluris was able to locate

24  10 updated addresses through NCOA. *See id.*

25  On November 22, 2021, Simpluris mailed the Class Notice via First Class mail

26  to 918 Class Members. *See* Butler Decl., ¶ 9.

27  As of December 16, 2021, 76 Notice Packets had been returned by the U.S.

28  Postal Service. *See* Butler Decl., ¶ 10. For those without forwarding addresses,

-5-

Simpluris attempted to find a forwarding address using Accurint, a reputable research tool owned by Lexis-Nexis. *See id*. Simpluris used the Class Member's name and previous address to locate a current address. *See id*. Altogether, Simpluris re-mailed 67 Notice Packets to either a new forwarding address provided by the U.S. Postal Service, a newly found address using Accurint, or a forwarding address provided by the Class Member. *See id*. Ultimately, 8 Notice Packets remained undeliverable because Simpluris was unable to find a deliverable address. *See* Butler Decl., ¶ 10.

Class Members have forty-five (45) days to object or opt out of the Settlement. The deadline for filing objections or opting out of the Settlement is January 6, 2022. *See* Butler Decl., ¶¶ 5, 11, Exhibit A, Class Notice at p. 5; Settlement at p. 6, ¶ 1(z).

As of December 16, 2021, Simpluris has received zero (0) requests for exclusion from the Settlement, zero (0) objections to the Settlement and zero (0) requests for adjustment of work weeks. *See* Butler Decl., ¶¶ 12-14.

No later than January 20, 2021, which is two weeks after the close of the opt-out period, Plaintiffs will file a supplemental declaration from Simpluris containing updated data regarding the results of the mailing, as well as any opt-outs or objectors. *See* Pyle Decl., ¶ 25.

**III.    SUMMARY OF SETTLEMENT TERMS**

The Gross Settlement Amount is $1,475,000. *See* Settlement at p. 4, ¶ 1(l); Pyle Decl., ¶ 26; Butler Decl., ¶ 7. That sum includes all payments to Class Members, attorneys' fees, case costs, the Class Representative service awards, settlement administration costs, and the PAGA payment to the LWDA. *See* Pyle Decl., ¶ 26; Settlement at p. 10, ¶ 8. There are 918 Class Members. *See* Butler Decl., ¶ 6.

The Settlement allocates $89,120 to PAGA penalties, which, pending this Court's approval, will be allocated as follows: $22,280 will be allocated to the Class

Members and the remaining three-quarters (75%), or $66,840, will be distributed to the LWDA.[2] Pyle Decl., ¶¶ 26-29; Settlement at p. 10, ¶ 8.

In a separate motion, Plaintiffs sought reasonable attorneys' fees equaling 30% of the Gross Settlement Fund, which is $442,500. *See* Dkt. No. 47. Plaintiffs also sought litigation costs in the amount of $41,130.79, and Class Representative service awards of $10,000 per Plaintiff. *See id.*; Pyle Decl., ¶¶ 26-29.

If the Court approves the requested amounts, the Net Settlement Fund will be $874,530.21 based on the Gross Settlement Fund of $1,475,000:

| | | |
|---|---|---:|
| **Gross Settlement Fund:** | **$** | **1,475,000.00** |
| Less Attorneys' Fees | -$ | 442,500.00 |
| Less Litigation Costs | -$ | 41,130.79 |
| Less Settlement Administration | -$ | 9,999.00 |
| Less Enhancement Awards | -$ | 40,000.00 |
| Less PAGA Payment to LWDA | -$ | 66,840.00 |
| **Net Settlement Fund** | **$** | **874,530.21** |

*See* Pyle Decl., ¶ 29.

This is not a claims-made settlement. All Class Members will automatically receive a share of the Settlement unless they affirmatively opt-out. *See* Pyle Decl., ¶ 30; Settlement at p. 16, ¶ 20.

Each Class Member will receive a proportionate share of the Net Settlement Amount that is equal to the number of Workweeks for a given Class Member divided by the total Workweeks for all Class Members, and then multiplied by the Net Settlement Amount. *See* Settlement at pp. 11-12, ¶ 9; Pyle Decl., ¶ 31.

Pursuant to the agreement, Defendants will separately pay their portion of taxes and contributions. *See* Settlement at p. 4, ¶ 1(K).

No later than fifteen (15) days after the Effective Date, Defendants shall deposit the $1,475,000 Gross Settlement Amount. *See* Settlement at p. 21, ¶ 31.

_____

[2] The LWDA was notified of the PAGA aspects of the Settlement on September 20, 2021. To date, the LWDA has not objected to the Settlement. *See* Pyle Decl., ¶ 22.

1  Simpluris will mail settlement checks to Class Members no later than 10 days after
2  receipt of the Gross Settlement Amount. *See id*. at p. 22, ¶ 33; Pyle Decl., ¶ 33.

3       The Settlement is also non-reversionary. Under no circumstances will any
4  portion of the Settlement revert back to Defendants.  Checks issued to Class
5  Members pursuant to the Settlement shall remain negotiable for a period of 180 days
6  from the date of mailing. *See* Settlement at pp. 11, 22, ¶¶ 9, 33, 34. In the event that
7  any such checks remain uncashed after the expiration of this period, or an envelope
8  mailed to a Class Member is returned and no forwarding address can be located for
9  that individual after reasonable efforts have been made, then the total amount of such
10  checks shall be donated to a cy pres charity. *See id*. The Parties have designated
11  Legal Aid at Work as the cy pres beneficiary in this case. *See id*.; Declaration of Joan
12  Graff; Pyle Decl., ¶ 34.

13       The Parties request that the Court retain continuing jurisdiction over the
14  Litigation as well as the administration and enforcement of the Settlement. *See*
15  Settlement at p. 21, ¶ 30; Pyle Decl., ¶ 35. Any disputes or controversies arising with
16  respect to the interpretation, consummation, enforcement, or implementation of the
17  Settlement shall be presented by motion to the Court. *See id*.

18  **IV.    THE SETTLEMENT WARRANTS FINAL APPROVAL**

19       A proposed class action settlement can be "settled, voluntarily dismissed, or
20  compromised only with the court's approval." See Fed. R. Civ. Proc. 23 (e). In order
21  to approve the Settlement, the Court must conclude that it is both "fair, adequate and
22  reasonable" and is the product of arm's-length and informed negotiations. *See In re*
23  *Heritage Bond Litig.*, 546 F.3d 667, 674 (9th Cir. 2008).

24       According to the Ninth Circuit, "there is a strong judicial policy that favors
25  settlement, particularly where complex class action litigation is concerned." *In re*
26  *Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Plaintiffs v.*
27  *City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)); *see also Franklin v. Kaypro*
28  *Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989).

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## A. The Settlement Is Fair, Adequate, and Reasonable

In determining whether a proposed class action settlement is "fair, reasonable, and adequate," the Court may consider some or all of the following factors: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant[3]; and (8) the reaction of the class members to the proposed settlement. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).

### 1. The Strength of Plaintiffs' Case

Although Plaintiffs maintain that their claims are meritorious and believe they would ultimately succeed in obtaining class certification and prevail on the merits at trial, the litigation in this action to date has informed the Parties of the risks of continued litigation. *See* Pyle Decl., ¶ 38. As set forth in Plaintiffs' Motion for Preliminary Approval (*see* Dkt. No. 42 at pages 13-20), for the purposes of settlement only, Plaintiffs acknowledge that this case faces significant hurdles, including factual and legal defenses that present a risk, that a class may not be certified for trial, and that the claims of one or more Class Members may be defeated. *See* Pyle Decl., ¶ 38.

"Approval of a class settlement is appropriate when 'there are significant barriers plaintiffs must overcome in making their case.'" *Nelson v. Avon Prod., Inc.*, No. 13-CV-02276-BLF, 2017 WL 733145, at *3 (N.D. Cal. Feb. 24, 2017) (quoting *Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

---

[3] This factor is not addressed because there is no governmental participant. *See, e.g., Wren* v. *RGIS Inventory Specialists,* Case No. C-06-05778 JCS, 2011 WL 1230826 at *10 (N.D. Cal. April 1, 2011) ("Because there is no governmental entity involved in this litigation, the seventh factor is inapplicable").

"Similarly, difficulties and risks in litigating weigh in favor of approving a class settlement." *Id.* (citing *Rodriguez*, 563 F.3d at 966).

Despite this risk, however, Plaintiffs secured a substantial recovery for the Settlement Class. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecom. Coop. v. DIRECTTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (internal quotations omitted).

The Settlement therefore provides meaningful monetary relief to Class Members for the disputed split shift pay and derivative violations. Thus, this factor supports final approval.

## 2.  Risk, Expense, Complexity, and Duration of Further Litigation

This factor also supports final approval. Liability is highly contested in this matter and both sides will face significant time, expenses, and risk if this action continues. *See* Pyle Decl., ¶ 39. Although the Parties engaged in extensive discovery and investigation prior to reaching a settlement, there are still "barriers plaintiffs must overcome in making their case." *See id.*, ¶¶ 38-41; *see also McKee Foods Corp.*, 716 F. Supp. 2d at 851.

As noted in detail in Plaintiffs' Motion for Preliminary Approval, Defendants deny liability on every claim. Dkt. No. 42 at pp. 15-20. Defendants have raised numerous factual and legal defenses to Plaintiffs' claims for split shift pay, liquidated damages, wage statement penalties, waiting time penalties and derivative penalties. *See id.*

Moreover, as set forth in Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards, this case also involved complex issues pertaining to the analysis of Defendants' data and the imposition of liquidated damages and waiting time penalties. *See* Dkt. No. 47 at pp. 10-12.

Moreover, the Parties would be required to expend considerable time and resources in preparation for class certification and trial. As a result, the Parties would

-10-

incur considerably more attorneys' fees and costs through trial. *See* Pyle Decl., ¶ 38. The Settlement avoids those risks and the accompanying expense. *See*, *e.g.*, *In re Portal Software Inc. Securities Litig.*, Case No. C-03-5138 VRW, 2007 WL 4171201 at *3 (N.D. Cal. Nov. 26, 2007) (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement"). Therefore, this factor supports final approval.

### 3.  Risk of Maintaining Class Action Status

The Court has not yet ruled on a Motion for Class Certification. Plaintiffs' Motion for Class Certification would have been hotly contested by Defendants. Moreover, even if the Court entered judgment in Plaintiffs' favor, it could be overturned on appeal. *See* Dkt. No. 42 at p. 14. Absent settlement, there was a risk that there would not be a certified class at the time of trial, or that the class would be decertified prior to trial. *See*, *e.g.*, *Ortega v. J.B. Hunt Transp., Inc.*, No. 207CV08336RGKAFM, 2018 WL 6118572, at *5 (C.D. Cal. Aug. 7, 2018) ("Discovery has revealed that individual issues predominate in each of Plaintiff's claims. Consequently, the Court must decertify the class.")

This factor thus supports final approval.

### 4.  The Amount Offered in Settlement

The Settlement provides a substantial monetary recovery for the Settlement Class that accurately reflects the risks and defenses Plaintiffs faced. *See* Pyle Decl., ¶ 39.

At the time of mediation, Plaintiffs calculated the reasonable settlement value of the claims in this case, including the PAGA claim, to be approximately $1,357,578.06 for approximately 879 Class Members. *See* Dkt. No. 42 at pp. 15-16. The settlement amount of $1,475,000 therefore exceeded Plaintiffs' settlement value of the case. *See id*.

Considering the risks associated with continued litigation including proceeding to trial further favors final approval. *See Edwards v. City of Long Beach*,

-11-

2011 WL 13180208, at *3, n. 5 (C.D. Cal. Oct. 31, 2011) ("[t]he reasonableness of a settlement is not dependent upon it approaching the potential recovery plaintiffs might receive if successful at trial"); *Nat'l Rural Telecomm. Corp.*, 221 F.R.D. at 527 ("a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"). A certain – and substantial – result for Class Members now, rather than a possibly larger, but contingent one at some indefinite time years in the future, favors preliminary approval of the Settlement.

After deducting the proposed amounts for Court-approved Class Representative Service Awards, costs of settlement administration, allocation to the LWDA, and approved attorneys' fees and costs, the Settlement requires Defendants to pay an estimated Net Settlement Amount of $874,530.21 to Class Members. *See* Pyle Decl., ¶ 29. This is an excellent result for the Class Members with an average settlement distribution expected to be over $900 and the highest settlement payment estimated to be $3,910.88. *See* Butler Decl., ¶ 16.

Thus, this factor weighs in favor of final approval.

**5.  Discovery Completed and the Status of Proceedings**

Class Counsel conducted extensive factual investigation of the claims at issue; engaged in substantial formal and informal discovery; performed legal research and analysis; met and conferred with Defendants regarding the scope of data needed for a class-wide mediation; negotiated for the production of extensive class-wide data, including among other things, a sample of time and payroll records and data regarding the number of Class Members and the number of compensable workweeks worked by the Class Members during the class period; attended a day-long mediation session; negotiated the terms of the Settlement; and successfully moved for preliminary approval. *See* Pyle Decl., ¶ 37.

Thus, this factor also supports final approval.

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1

### 6.  The Experience and Views of Counsel

2          "Parties represented by competent counsel are better positioned than courts to

3   produce a settlement that fairly reflects each party's expected outcome in litigation."

4   *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). "The

5   recommendations of plaintiffs' counsel should be given a presumption of

6   reasonableness." *In Re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D.

7   Cal. 2008) (quotation marks and citation omitted).

8          In addition to being thoroughly familiar with this case, Class Counsel have

9   significant experience in handling wage and hour class actions such as this. *See* Pyle

10  Decl., ¶¶ 1-16, 40-41.

11         Plaintiffs and Class Counsel have vigorously prosecuted this case. *See id.*, ¶

12  37. Information gleaned from Class Counsel's investigation informed Class

13  Counsel's assessment of the merits and risks of the case and the benefits of the

14  Settlement. *See id.,* ¶ 39. For purposes of Settlement, the Parties have determined

15  that the Settlement represents a fair and reasonable compromise of disputed claims

16  for wages and other monetary relief, following a reasonably thorough investigation.

17  *See* Settlement at p. 9, ¶ 5.

18         As described above, Class Counsel conducted a thorough investigation into

19  the facts of the case. *See* Pyle Decl., ¶¶ 37-39. Based on their independent

20  investigation and evaluation, Class Counsel is of the opinion that the Settlement is

21  fair, reasonable, and adequate, and is in the best interest of the Class Members in

22  light of all known facts and circumstances, including the risk of significant delay, the

23  risk that Defendants will prevail on its defenses, and potential appellate issues. *See*

24  *id*.

25         Therefore, the recommendation of Class Counsel also weighs in favor of

26  approving the Settlement.

27

28

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

### 7.   The LWDA has been Notified and has not Objected to the Proposed Settlement

The LWDA was notified of the PAGA aspects of the Settlement on September 20, 2021. *See* Pyle Decl., ¶ 22. To date, the LWDA has not objected to the Settlement. *See id*.

### 8.   The Reaction of the Class Members to the Proposed Settlement

A court may infer that a class action settlement is fair, adequate, and reasonable when few class members object. *See*, *e.g.*, *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecom. Coop.*, 221 F.R.D. at 529.

The deadline for filing objections or opting out of the Settlement is January 6, 2022. As of December 16, 2021, Simpluris had received zero (0) requests for exclusion from the Settlement and zero (0) objections to the Settlement. *See* Butler Decl., ¶¶ 5, 11-14, Exhibit A, Class Notice.

This factor, therefore, currently weighs in favor of final approval.

For all of the reasons set forth above, all of the factors identified in *Rodriguez*, 563 F.3d at 963, support a finding that the Settlement is fair, adequate, and reasonable.

### B.   There Are No Signs of Collusion

In the recent case of *Roes, 1-2 v. SFBSC Management, LLC*, 944 F.3d 1035, 1048–1049 (9th Cir. 2019), the Ninth Circuit reiterated that where, as here, the parties have negotiated a settlement agreement before a class has been certified, "settlement approval 'requires a higher standard of fairness' and 'a more probing inquiry than may normally be required under Rule 23 (e).'" Quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1001, 1026 (9th Cir. 1998). Specifically, "such [settlement] agreements

-14-

1     must withstand an even higher level of scrutiny for evidence of collusion or other

2     conflicts of interest than is ordinarily required under Rule 23(e) before securing the

3     court's approval as fair." *In re Bluetooth Headset Prod. Litig.*, 654 F.3d 935, 946.

4     (9th Cir. 2011).

5          The "subtle signs" of collusion which district courts should look for include:

6          (1) "when counsel receive a disproportionate distribution of the
           settlement;" (2) "when the parties negotiate a 'clear sailing'
7          arrangement" (i.e., an arrangement where defendant will not object to a
           certain fee request by class counsel); and (3) when the parties create a
8          reverter that returns unclaimed [funds] to the defendant.
9

10    *Id.*

11         Class Counsel is not receiving a disproportionate distribution of the

12    Settlement. Rather, Class Counsel has requested a 30% share of the common fund.

13    *See* Dkt. No. 47. That fund is all cash, and does not include any coupon-like features.

14    Cf. *Roes 1-2*, 944 F.3d 1035 at 1053 (noting that some of the same concerns

15    applicable to coupon settlements applied to the settlement in that case, which

16    included dance fee payments that were arguably similar to coupons).

17         Moreover, the Settlement is non-reversionary. *See* Settlement at p. 22, ¶¶ 33-

18    34.

19         Finally, he Settlement represents the culmination of intensive arm's-length

20    negotiations with the assistance of a mediator. *See* Pyle Decl., ¶¶ 40-41. The

21    settlement negotiations were contested and conducted in good faith. *See id.*

22         For these reasons, there was no collusion here and the Court should approve

23    the Settlement.

24    **V.    THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS
           PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED**
25

26         In its Preliminary Approval Order the Court certified the Class for settlement

27    purposes only. *See* Dkt. No. 46 at p. 12. The Court found that the Class met the

28    requirements of Rule 23 (a) and Rule 23(b)(3). *See id*. at pp. 6-8. Because

-15-

circumstances have not significantly changed, and for the reasons set forth in the motion for preliminary approval (*see* Dkt. No. 42), Plaintiffs request that the Court finally certify the Class for settlement purposes under Rule 23(e). *See Schiller v. David's Bridal, Inc.*, 2012 WL 2117001 at *8 (E.D. Cal. 2012) ("As initially determined in the Court's preliminary approval order and as set forth above, the Rule 23(a) requirements for class certification have been satisfied.").

## VI.    THE COURT-ORDERED NOTICE COMPORTS WITH DUE PROCESS

Due process requires that notice be provided to class members by the best reasonable method available. *See Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173 (1974). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *See Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

This Court approved the Class Notice on October 15, 2021. *See* Dkt. No. 46 at p. 12.

In accordance with the Court's Orders (Dkt. No. 46), , Simpluris mailed the Class Notice via First Class mail to 918 Class Members on November 22, 2021. *See* Butler Decl., ¶ 9. The mailing addresses contained in the class list were processed using the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. *See id.*, ¶ 8. The NCOA contains changes of address filed with the U.S. Postal Service. *See id*. In the event that any Class Member had filed a U.S. Postal Service change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notice Packet. *See id*. Simpluris was able to locate 10 updated addresses through NCOA. *See id*.

The Class Notice explained the claims in the litigation, the key terms of the Settlement, the rights and releases of claims under the Settlement, the right to object to the Settlement, the right to opt-out of the Settlement, the right to appear at the

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

final approval hearing, the recovery formula and expected recovery, and the contact information for Class Counsel. *See* Butler Decl., ¶ 5, Exhibit A, Class Notice.

Further, the 45-day deadline to object or opt out approved by the Court in the Preliminary Approval Order satisfies the notice requirements of Rule 23 and protects the due process rights of the Class impacted by the Settlement. *Charron v. Pinnacle Grp. N.Y. LLC*, 874 F. Supp. 2d 179, 193 (S.D.N.Y. 2012) ("Courts have held that opt out periods of less than 45 days satisfy due process, even where unsophisticated class members must make decisions regarding complex issues of law or fact."); Settlement at p. 6, ¶ 1(z).

Simpluris's work in connection with this matter will continue with the calculation of the settlement checks, issuance and mailing of those settlement checks, and to do the necessary tax reporting on such payments. *See* Butler Decl., ¶ 17

For these reasons, Plaintiffs submit that the notice procedure implemented for this Settlement meets the requirements of due process, and requests that the Court approve the payment of $9,999.00 to Simpluris for administering the Settlement. *See* Butler Decl., ¶ 17, Exhibit B, Class Administrator Invoice.

## VII.  CONCLUSION

The Settlement is fair, adequate and reasonable. It will result in substantial payments to Class Members, is non-collusive, and was achieved as a result of informed, extensive and arm's-length negotiations between counsel for the respective Parties, who are experienced in wage and hour class action litigation.

For the foregoing reasons, Plaintiffs and Class Counsel respectfully request that the Court grant final approval of the Settlement and enter an Order as follows:

1.    Finally approving the Settlement;

2.    Finally certifying the Class, for the purposes of the Settlement;

3.    Finally approving the payment of reasonable costs of administration to Simpluris from the Gross Settlement Amount;

4.    Entering a final judgment consistent with the terms of the Settlement; and

-17-

1    5.    Retaining jurisdiction over the Parties to enforce the terms of the
2    judgment.
3
4    Dated: December 20, 2021        HUNTER PYLE LAW
5
6                                    By: /s/ Hunter Pyle
                                         Hunter Pyle
7                                        Katherine Fiester
8                                    Attorneys for Plaintiffs and the Settlement
9                                    Class
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**