UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1669 JGB (SHKx)** | Date | February 8, 2022 |
| Title | *Norma Lopez et al. v. First Student, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 49); and (2) GRANTING Plaintiffs' Motion for Attorney's Fees (Dkt. No. 47).

Before the Court are the unopposed motion for final approval of class action settlement ("Approval Motion," Dkt. No. 49) and motion for attorney's fees ("Fees Motion," Dkt. No. 47) of Plaintiffs Norma Lopez, Cindy Mitchell, Vada Neice, and Mary Diaz (collectively, "Plaintiffs"). The Court held a final approval hearing on February 7, 2022. Upon consideration of the papers filed in support of the Motions, as well as oral argument, the Court GRANTS the Motions.

## I. BACKGROUND

On July 11, 2019, Plaintiffs Norma Lopez, Cindy Mitchell, and Vada Neice filed their Complaint in state court against Defendants First Student, Inc.; First Student Management, LLC; and FirstGroup America, Inc. (erroneously sued as First America, Inc.), on behalf of a putative class. ("Complaint," Dkt. No. 1-1.) On August 30, 2019, Defendants removed the action to federal court. (Dkt. No. 1.) On January 21, 2020, Plaintiffs filed the operative First Amended Complaint, adding Mary Diaz as a named Plaintiff. ("FAC," Dkt. No. 18.) The FAC asserts five causes of action: (1) failure to pay split-shift wages; (2) failure to provide complete and accurate wage statements; (3) waiting-time penalties; (4) unfair competition claims pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; and (5) penalties under California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698 et seq. (See FAC.)

Plaintiffs filed the Fees Motion on December 7, 2021, and the Approval Motion on December 20, 2021. The Motions are unopposed.

## II. SETTLEMENT AGREEMENT

The parties reached the core of the settlement in July 2021 and negotiated the terms of the long form settlement in the subsequent months. (See Ex. 1 to Declaration of Hunter Pyle, Dkt. No. 42-1; "Notice of Settlement," Dkt. No. 38.) The Settlement defines the settlement class ("Class") as follows:

> All individuals employed by First Student, Inc. or First Student Management, LLC in the position of Attendant, Bus Aid or Bus Monitor in the state of California as hourly non-exempt employees at any time during the Class Period.

("Settlement," Dkt. No. 45-1, ¶ 1.d.) The Class Period is the time period from July 11, 2015 through July 24, 2021. (Id. ¶ 1.g.)

### A. Settlement Overview

Below is an overview of the financial terms of the Settlement:

- **Gross Settlement Amount:** $1,475,000.00
- Attorneys' fees: $442,500.00
- Litigation costs: $41,130.79
- Settlement administration: $9,999.00
- Class representative awards: $40,000.00
- PAGA Payment: $66,840.00
- **Net Settlement Amount:** $874,530.21

(Approval Motion at 7.) The $1,475,000.00 Gross Settlement Amount is non-reversionary, so no amount will be returned to Defendants. (Id. at 8.) The Settlement allocates $89,120.00 to PAGA penalties, which will be allocated as follows: $22,280.00 to Class Members, and the remaining three-quarters, or $66,840.00, to the California Labor and Workforce Development Agency ("LWDA"). (Id. at 6, 7.)

### B. Financial Terms

#### 1. Settlement Class Members

The Class consists of 918 Class Members. (Id. at 1.) In November 2021, the Settlement Administrator, Simpluris, mailed the Class Notice to these members. (Id. at 2.) As of January 13, 2022, only 10 Class Notices remained undeliverable. ("Supplemental Declaration," Dkt. No. 50 ¶ 4.) Moreover, as of the January 6, 2022 opt-out or objection deadline, only one Class Member submitted an opt-out request. (Id. ¶¶ 11-14.)

### 2. Payment and Distribution of Funds

Because this is not a claims-made settlement, Class Members will automatically receive a share of the settlement, unless they affirmatively opt-out. (Approval Motion at 7.) Each Class Member will receive a proportionate share of the Net Settlement Amount that is equal to the number of workweeks for a given Class Member divided by the total workweeks for all Class Members, multiplied by the Net Settlement Amount. (Id.)

Within 25 days following the Effective Date of Settlement, Defendants shall deposit the $1,475,000 Gross Settlement Amount. (Id.) Simpluris will mail settlement checks to Class Members within 10 days after receipt of the Gross Settlement Amount. (Id. at 8.)

The average settlement payment is estimated to be $952.65. (Supplemental Declaration ¶ 16.) Checks issued to Class Members shall remain negotiable for 180 days from the date of mailing. (Approval Motion at 8.) If any such checks remain uncashed after that period expires, or if an envelope mailed to a class member is returned and no forwarding address can be located for that individual after reasonable efforts, then the total amount of such checks shall be donated to Legal Aid at Work, the cy pres beneficiary. (Id.)

### 3. Class Representative

The Settlement provides for an incentive award of up to $10,000.00 to each Plaintiff in recognition of her time and effort in pursuing this action. (Settlement ¶ 8.a.)

### 4. Settlement Administration Costs

The Court appointed Simpluris, Inc., as the Settlement Administrator. ("Preliminary Approval Order," Dkt. No. 46, at 12.). Simpluris will be paid settlement administration costs of $9,999.00 from the Gross Settlement Fund. ("Butler Decl.," Dkt. No. 49-2, at 4.)

### 5. Attorneys' Fees and Costs

The Settlement provides that Class Counsel will be paid attorneys' fees of up to $491,617.50, which is 33.33% of the Gross Settlement Amount, and costs of up to $60,000.00. (Settlement ¶ 8.b-c.) Class Counsel seeks 442,500.00 in attorneys' fees, and $41,130.79 in costs. (Fees Motion at 1.)

## C. Injunctive Relief

The Settlement does not appear to include any injunctive relief.

//
//

### D. Release

Plaintiffs and all Participating Class Members agree to release the Released Parties from all Released Claims that accrued during the Class Period (July 11, 2015 through July 24, 2021). (Settlement ¶¶ 1.f, 39.) "Released Claims" are all claims that could have been made based on the facts alleged in the original and amended Complaints. (Id. ¶ 1.aa.) The "Released Parties" are the following:

> First Student, Inc., First Student Management, LLC, FirstGroup America, Inc., their past, present, and future parents, subsidiaries, divisions, and their respective past, present, and future officers, directors, employees, partners, shareholders, owners, agents, insurers, legal representatives, attorneys and all of their successors (including persons or entities who may acquire them in the future), assigns, representatives, heirs, executors, and administrators and all other persons acting by, through, under or in concert with them that could be liable.

(Id. ¶ 1.cc.) Plaintiffs and PAGA Members also agree to release the Released Parties from all Released PAGA Claims that accrued during the PAGA Period (July 15, 2018 through July 24, 2021). (Id. ¶ 39.) "Released PAGA Claims" are all claims for penalties under PAGA that were alleged, or could have been alleged, in the original and amended Complaint or in Plaintiffs' letters to the LWDA. (Id. ¶ 1.bb.) Plaintiffs also agree to release all claims against the Released Parties that they had or could have had against Defendants or a Released Party. (Id. ¶ 41.)

### E. Notice

Simpluris established a website and notified Class Members via mail. (Approval Motion at 2, 3.) Defendants provided Simpluris with a mailing list containing the name, known address, Social Security Number, and pertinent employment information for the Class Members during the Class Period. (Id. at 5.) Simpluris processed and updated the mailing addresses contained in the Class List using the National Change of Address Database maintained by the United States Postal Service. (Id.) Through that database, Simpluris located 10 updated addresses. (Id.)

In November 2021, Simpluris mailed the Class Notice to 918 Class Members. (Id.) Seventy-six notices were returned. (Id.) Simpluris re-mailed 67 notices to newly found addresses and forwarding address. (Id. at 6.) The opt-out or objection deadline was January 6, 2022, and 10 Class Notices remained undeliverable as of January 13, 2022. (Id.; Supplemental Declaration ¶ 4.)

The Class Notice explains the claims in the litigation, the Settlement's key terms, the rights and releases of claims under the Settlement, the right to object to and opt-out of the Settlement, the right to appear at the final approval hearing, the recovery formula and expected recovery, and Class Counsel's contact information. (Approval Motion at 2.) The Class Notice also sets forth the opt-out or objection deadline. (Id.) As of that deadline, only one Class

Member submitted an opt-out request, none objected, and none requested adjustments of workweeks.  (Supplemental Declaration ¶¶ 11-14.)

Simpluris has established a toll-free telephone number to allow Class Members to contact Simpluris with inquiries about the Settlement.  (Approval Motion at 3.)  Simpluris has also established a website to post the Settlement, approval papers, and the Fees Motion.  (Id. at 3.)

**F.  Administration**

Simpluris is the Settlement Administrator.  Settlement administration duties include disseminating the Class Notice by direct mail; creating and maintaining the settlement website; research and maintenance of correct addresses; calculating, issuing, and mailing settlement checks; and doing necessary tax reporting of those payments.  (Id. at 2-5, 12.)

### III.  LEGAL STANDARD

**A.  Class Action Settlement**

Class action settlements must be approved by the Court.  See Fed. R. Civ. P. 23(e).  Whether to approve a class action settlement is "committed to the sound discretion of the trial judge."  Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  A strong judicial policy favors settlement of class actions.  Id.  Nevertheless, the Court must examine the settlement as a whole for overall fairness.  Cheng Jiangchen v. Rentech, Inc., 2019 WL 5173771, at *5 (C.D. Cal. Oct. 10, 2019) (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).  Neither district courts nor appellate courts have the power to delete, modify, or substitute provisions in the negotiated settlement agreement.  Hanlon, 150 F.3d at 1026.  "The settlement must stand or fall in its entirety."  Id.

To approve a class action settlement, the Court must conduct a three-step inquiry.  See Adoma v. Univ. of Phoenix, Inc., 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012).  First, it assesses whether the parties have met notice requirements under the Class Action Fairness Act ("CAFA").  Id.  Next, it determines whether the notice requirements of Federal Rule of Civil Procedure 23(c)(2)(B) have been satisfied.  Id.  Finally, the Court must find that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2).  Id.

**B.  Attorneys' Fees**

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  The Court has discretion in a common fund case to choose either (1) the lodestar method or (2) the percentage-of-the-fund in calculating reasonable attorneys' fees.  Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002).  Whether to use one method over the other is in the court's discretion; however, the use of the percentage method in common fund cases appears to be dominant.  Id.

Under the percentage-of-recovery method, 25% of a common fund is the benchmark for attorneys' fees awards. In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure.") Under the lodestar method, a "a lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." Id. at 941 (citing Stanton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003)). Whether the court awards the benchmark amount or some other rate, the award must be supported "by findings that take into account all of the circumstances of the case." Vizcaino, 290 F.3d at 1048. To guard against an unreasonable result, the Ninth Circuit has encouraged district courts to cross-check any calculations done in one method against those of another method. Id. at 1050-51.

## IV.   DISCUSSION

### A. Class Action Settlement Final Approval

At the February 7, 2022 hearing, counsel for Defendant represented that CAFA notice was provided pursuant to 28 U.S.C. § 1715 at least 90 days prior to February 7, 2022. Thus, the parties have satisfied CAFA notice requirements.

#### 1. Rule 23(c) Notice Requirements

Class actions brought under Rule 23(b)(3) must satisfy the notice provisions of Rule 23(c)(2) and, upon settlement of a class action, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2) requires "the best notice that is practicable under the circumstances, including individual notice" of particular information. See Fed. R. Civ. P. 23 (c)(2)(B).

The Court previously approved the form of the proposed class notice. (See Preliminary Approval Order.) As discussed above, Simpluris implemented the notice procedure. Based on the Approval Motion and its supporting documents, the Court finds that the class notice and notice procedure fairly and adequately informed Class Members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, Class Members' right to exclude themselves from settlement, and their right to object to the proposed settlement.

#### 2. Whether the Settlement is Fair, Adequate, and Reasonable

##### a. Strength of Plaintiffs' Case, as well as Risk, Expense, Complexity, and Duration of Further Litigation

In evaluating the strength of the case, the court should assess "objectively the strengths and weaknesses inherent in the litigation and the impact of those considerations on the parties' decisions to reach [a settlement]." Adoma, 913 F. Supp. 2d at 975 (internal quotation marks

omitted). "In assessing the risk, expense, complexity, and likely duration of further litigation, the court evaluates the time and cost required." (Id. at 976.)

Under the circumstances, the Court finds it significant that class members will receive "immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 526 (C.D. Cal. 2004) (internal quotation marks omitted). The Court thus finds that this factor supports a finding that the settlement is fair, adequate, and reasonable.

### b. Risk of Maintaining Class Action Status Through Trial

In its order granting preliminary approval, the Court certified the class pursuant to Rule 23(b)(3). (See generally Preliminary Approval Order.) The Court determined that the requirements of Rule 23 have been met in determining whether to certify the class for settlement purposes. (Id.); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems[.]"). Nothing has been put forth to challenge or otherwise undermine the Court's previous order certifying the class for settlement purposes under Rule 23(e). See In re Apollo Grp. Inc. Sec. Litig., 2012 WL 1378677, at *4 (D. Ariz. Apr. 20, 2012) ("The Court has previously certified, pursuant to Rule 23 . . . and hereby reconfirms its order certifying a class."). This factor weighs in favor of approving the settlement.

### c. Amount Offered in Settlement

The Court previously found that this factor supports approval. (See Preliminary Approval Order at 10.) The total settlement amount is $1,475,000.00 for a class of under 1,000 members, and the average settlement payment is estimated to be $952.65—only about $13 less than the estimate provided at the preliminary approval stage. (See id.; Supplemental Declaration ¶ 16.) Nothing has been put forth to challenge or otherwise undermine the Court's previous order finding that this factor weighs in favor of approving the settlement. Thus, this factor weighs in favor of approval.

### d. Extent of Discovery Completed and the Stage of Proceedings

Class Counsel asserts that it has engaged in substantial discovery:

Class Counsel conducted extensive factual investigation of the claims at issue; engaged in substantial formal and informal discovery; performed legal research and analysis; met and conferred with Defendants regarding the scope of data needed for a class-wide mediation; negotiated for the production of extensive class-wide data, including among other things, a sample of time and payroll records and data regarding the number of Class Members and the number of compensable workweeks worked by the Class Members during the class period; attended a day-long mediation session; negotiated the terms of the Settlement; and successfully moved for

preliminary approval.

(Approval Motion at 12.) The Court previously determined that this factor weighed at least somewhat in favor of approval. (See Preliminary Approval Order at 9.) It remains so.

### e. Counsel's Experience and Views

The Court has previously determined that Class Counsel's recommendation of the settlement weighed in favor of approval. (Id. at 10.) The factor remains unchanged.

### f. Class Members' Reaction to the Proposed Settlement

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that" the settlement terms "are favorable to the class members." Nat'l Rural Telecomms., 221 F.R.D. at 529. Here, the Class's reaction has been positive. There was only one opt-out request and no objections. (Supplemental Declaration ¶¶ 11-14.) The lack of objections and single opt-out request weigh in favor of settlement approval. See, e.g., Franco v. Ruiz Food Prods., Inc., 2012 WL 5941801, at *14 (E.D. Cal. 2012) (factor weighed in favor of approval when two out of 2,055 class members opted out with no objections to the settlement).

Accordingly, the Court GRANTS the Approval Motion.

## B. Attorneys' Fees and Costs

### 1. Fees

Although the Settlement provides that Class Counsel may seek attorneys' fees of up to 33.33% ($491,617.50) of the total settlement fund (Settlement ¶ 8.b-c), Class Counsel seeks 30% ($442,500.00) of the fund (Fees Motion at 1). Class Counsel contends that "[t]he results achieved, in light of the difficulties inherent in similar cases and the specific difficulties faced in this case, are considerable." (Fees Motion at 8.)

Under the percentage-of-recovery method, 25% of a common fund is the benchmark for attorneys' fees awards. In re Bluetooth, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure.") (citations omitted). To determine whether the percentage requested is reasonable, courts may examine several factors, including:

> [T]he extent to which class counsel achieved the results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burden class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis.

In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 954-55 (9th Cir. 2015) (internal quotations omitted).

The Court considers "the results achieved and the risk of litigation (e.g., the number and quality of Defendant's defenses), as well as the skill required and worked performed to litigate this case." See Hollis v. Union Pac. R.R. Co., 2018 WL 6267342, at *8 (C.D. Cal. Sept. 19, 2018). Class Counsel obtained a settlement that confers a significant benefit to the Class, particularly in light of the risks involved in this litigation: The net settlement totals approximately $875,000.00, or an average settlement payment of $952.65—without a claims process—based on 918 Class Members. See id. (Approval Motion at 4, 16; Fees Motion at 8.) In addition, LWDA will receive $66,840.00 as payment for civil penalties under PAGA. (Fees Motion at 9.)

As to the skill required to litigate this case and the risk of litigation, the Court considers that Plaintiffs pursued "novel, meritorious claims," requiring Class Counsel "to develop legal theories to overcome [the] legal hurdle" of there not being "any reported decisions" deciding "whether split shift pay violations allow employees to recover liquidated damages and waiting time penalties." (See Fees Motion at 11.) Moreover, the Court takes into account "the contingent nature of the fee and financial burden on counsel," as well as awards made in similar cases. (See Fees Motion at 9, 12); Weinstein v. Mortg. Contracting Servs., LLC, 2018 WL 11377827, at *10 (C.D. Cal. Oct. 23, 2018).

The Court finds that these factors justify an award of 30% or $442,500.00 in attorneys' fees. The Court is satisfied that a lodestar "cross-check" is not required. See Craft v. City of San Bernardino, 624 F. Supp. 2d 1113, 1122 (C.D. Cal. 2008) ("A lodestar cross-check is not required in this circuit, and in some cases is not a useful reference point.")

Accordingly, the Court GRANTS the Fees Motion with respect to attorney's fees.

**2. Costs**

Class Counsel also requests $41,130.79 in costs. (Fees Motion at 19.) "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. 23(h); see Trans Container Servs. v. Sec. Forwarders, Inc., 752 F.2d 483, 488 (9th Cir. 1985). "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." Rutti v. Lojack Corp., Inc., 2012 WL 3151077, at *12 (C.D. Cal. July 31, 2012).

Class Counsel requests $41,130.79 in costs to reimburse "filing fees, service fees, legal research expenses, copying costs, mediation and deposition fees and expenses, and postage." (Fees Motion at 19.) These expenses are typically recoverable in litigation. See In re Immune

Response Sec. Litig., 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (finding similar categories of expenses reasonable in a class action settlement); (Fees Motion at 19 n.3 (collecting cases).)

The Court therefore GRANTS the Fees Motion with respect to attorneys' costs.

**C. Incentive Award**

Courts have discretion to award incentives to class representatives. See In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th Cir. 2000). The criteria courts have used in considering the propriety and amount of an incentive award include (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort invested by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative. Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995).

The Settlement provides for a $10,000.00 payment to each of the four named Plaintiffs. (Fees Motion at 19.) The amount of this incentive award fits squarely withing the Court's typical awards. See Weinstein, 2018 WL 11377827, at *11 (noting that $15,000.00 "represents the high end of the Court's typical incentive awards"). Moreover, Plaintiffs have submitted detailed declarations concerning their involvement in this matter and their efforts in pursuing their claims. (See Fees Motion at 20-24.)

Satisfied that the incentive award is appropriate, the Court GRANTS the Fees Motion with respect to the incentive award.

## V. CONCLUSION

The Court determines that:

1. Plaintiffs' Approval Motion is GRANTED.

2. The Court GRANTS final approval to the parties' Settlement Agreement. The Court finds that the Settlement Agreement is fair, adequate, and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the class fairly. The parties shall perform their obligations pursuant to the terms of this Settlement Agreement and this Order.

3. Plaintiffs' Fees Motion is GRANTED.

4. The following class is certified under Federal Rule of Civil Procedure 23(c) for settlement purposes:

> All individuals employed by First Student, Inc. or First Student Management, LLC in the position of Attendant, Bus Aid or Bus Monitor in the state of California as hourly non-exempt employees at any time during the Class Period.

5. The form, manner, and content of the Class Notice meet the requirements of Federal Rules of Civil Procedure 23(c)(2).

6. Plaintiffs Norma Lopez, Cindy Mitchell, Vada Neice, and Mary Diaz shall be paid a service award of $10,000.00 in accordance with the terms of the Settlement Agreement and this Order.

7. Class Counsel shall be paid $442,500.00 in attorneys' fees and $41,130.79 in costs in accordance with the terms of the Settlement Agreement.

8. The Settlement Administrator, Simpluris, shall be paid for its litigation costs of $9,999.00 in accordance with the terms of the Settlement Agreement.

9. The California Labor and Workforce Development Agency shall be paid 66,840.00 in accordance with the terms of the Settlement Agreement.

10. All Class Members who did not validly and timely request exclusion from the Settlement have released their claims, as set forth in the Settlement Agreement, against any of the released parties (as defined in the Settlement Agreement).

11. Except as to any Class Members who have validly and timely requested exclusion, this action is DISMISSED WITH PREJUDICE, with all parties to bear their own fees and costs except as set forth herein and in the prior orders of this Court.

12. Without affecting the finality of this Order, the Court retains jurisdiction over the parties, including Class Members, for the purposes of construing, enforcing, and administering the Order and Judgment, as well as the Settlement Agreement itself.

13. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**